**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

ANTHONY CICE,                     :
                                  :    Civil Action No. 07-1833 (RMB)
              Petitioner,         :
                                  :
         v.                       :    **OPINION**
                                  :
PAUL M. SCHULTZ,                  :
                                  :
              Respondent.         :

**APPEARANCES:**

Petitioner pro se
Anthony Cice
F.C.I. Fairton
P.O. Box 420
Fairton, NJ 08320

**BUMB**, District Judge

    Petitioner Anthony Cice, a prisoner currently confined at

the Federal Correctional Institution at Fairton, New Jersey, has

submitted a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241.[1]  The sole respondent is Warden Paul M. Schultz.

---

    [1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the
Supreme Court, any justice thereof, the district courts
and any circuit judge within their respective
jurisdictions.
...
(c) The writ of habeas corpus shall not extend to a
prisoner unless-- ... (3) He is in custody in violation
of the Constitution or laws or treaties of the United
States ... .

Respondent has answered and the Petition is now ready for disposition.

## I.   BACKGROUND

The parties are in essential agreement on the procedural background necessary to this Court's disposition of this matter.

Petitioner was arrested by Pennsylvania authorities on narcotics charges on January 8, 2002.  Later, Pennsylvania authorities charged Petitioner with Sexual Abuse of a Child.  The Pennsylvania narcotics charges were dropped, but were pursued by the federal government, resulting in Petitioner's present incarceration.  See United States v. Cice, Criminal Action No. 02-0251 (HH) (E.D. Pa.).

In mid-2002, while both the state and federal charges were pending, Petitioner was taken into federal custody.  Respondent asserts that Petitioner was taken into federal custody pursuant to a writ of habeas corpus ad prosequendum.  On October 7, 2002, Petitioner pleaded guilty to the federal charges and on October 16, 2002, Petitioner was returned to state custody.  Petitioner pleaded guilty to the state charges and was sentenced to serve 2 to 4 years imprisonment.  Thereafter, he was returned to federal custody for sentencing on the federal charges, again allegedly pursuant to a writ of habeas corpus ad prosequendum.  His federal sentence was ordered to run consecutively to his state sentence.

Following his federal sentencing, he was returned to state custody on January 28, 2003.

On January 9, 2006, Petitioner was released from his state sentence to a federal detainer. Petitioner is presently serving his federal sentence at the Federal Correctional Institution at Fairton, New Jersey.

Petitioner has filed a Petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, here in the district in which he is confined, asking this Court to dismiss both the federal and state charges described here on the grounds that both the Commonwealth of Pennsylvania and the federal government have violated the Interstate Agreement on Detainers Act. See 18 U.S.C. App. 2.

Respondent asserts that the Petition should be dismissed for lack of jurisdiction because the proper vehicle for Petitioner to present his claims is through a motion to vacate, set aside, or correct the federal sentence under 28 U.S.C. § 2255, in the trial court.

## II.  ANALYSIS

### A.  The Challenge to the Federal Conviction

Here, Petitioner asks this Court, pursuant to 28 U.S.C. § 2241, to "dismiss" the federal charges pursuant to which he has been convicted and is now imprisoned. This challenge to the legality of his sentence, however, is properly brought pursuant to 28 U.S.C. § 2255 in the district of confinement.

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Motions under § 2255 must be brought before the Court which imposed the sentence.  See 28 U.S.C. § 2255.

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In Dorsainvil, a case involving a Bailey claim, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate

4

or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of of § 2255.  Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

Here, Petitioner does not allege that he is being confined for conduct that is not criminal, the Dorsainvil exception, nor does Petitioner assert any other basis for pursuing this challenge to his conviction under § 2241, rather than § 2255. Thus, this challenge to the federal conviction must be considered a motion under § 2255, over which this Court, in the district of confinement, lacks jurisdiction.  See 28 U.S.C. § 2255.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  Because Petitioner has not previously filed a motion under § 2255, this Court finds that it is in the interest of justice to transfer this matter to the U.S. District

Court for the Eastern District of Pennsylvania for further proceedings.

B.    The Challenge to the State Conviction

Petitioner also asks this Court to dismiss the state charges, although he states that he has fully served the sentence imposed as a result of the conviction on those charges. Respondent has not addressed the request to dismiss the state charges.

Title 28 U.S.C. § 2254 provides, in pertinent part, that:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

(emphasis added).

A federal court has no jurisdiction to entertain a habeas petition unless the petitioner meets this "in custody" requirement.  Indeed, as the Court of Appeals for the Third Circuit has put it, "custody is the passport to federal habeas corpus jurisdiction."  United States ex rel. Dessus v. Commonwealth of Pennsylvania, 452 F.2d 557, 560 (3d Cir. 1971), cert. denied, 409 U.S. 853 (1972).

The Supreme Court's most recent extensive discussion of the "in custody" requirement is set forth in Maleng v. Cook, 490 U.S. 488 (1989).  In that case, the habeas petitioner (hereafter

6

referred to as "petitioner" although he appeared in the posture
of respondent before the Supreme Court) sought to attack a 1958
conviction for robbery imposed by a Washington state court.  In
1985, while confined in federal prison on an apparently unrelated
federal conviction, the petitioner filed his habeas challenge to
the 1958 Washington conviction, arguing that he had not been
given a competency hearing in that case.  Although the
petitioner's 1958 conviction had fully expired by 1978, he
alleged that it had been used to enhance sentences imposed in
1978 for subsequent Washington convictions.  Due to his federal
sentence, petitioner had not yet begun to serve his 1978
Washington sentences at the time he filed his habeas petition in
1985.  Maleng v. Cook, 490 U.S. at 489-90.

     The Court noted that the relevant language of 28 U.S.C.
§ 2254(a) generally requires "that the habeas petitioner be 'in
custody' under the conviction or sentence under attack at the
time his petition is filed," citing Carafas v. LaVallee, 391 U.S.
234, 238 (1968).  Further, the Court explained that "custody" is
defined not only as physical confinement, but would include
circumstances entailing such limitations on a person's liberty as
those imposed during parole.  Maleng, 490 U.S. at 491; see also
Hensley v. Municipal Court, 411 U.S. 345 (1973) (habeas
petitioner released on own recognizance, but who suffered
restraints on freedom of movement not shared by public generally,

met "in custody" requirement).  Nonetheless, the Court noted that it has "never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed." Maleng, 490 U.S. at 491.

Here, Petitioner states that he has fully served the challenged state sentence, but that he wants this Court to "dismiss" those state charges because "the jail credits that were credited to the state sentence is having an negative impact on Cice present federal custody and federal sentence ... ." (Petition at 5.)  Petitioner does not suggest that he is under any continuing restraint of his liberty pursuant to the state conviction.[2]  The circumstances here are analogous to those considered and rejected by the Supreme Court, as failing to meet

---

[2] Similarly, the record supplied by Respondent does not indicate any continuing restraint.  The U.S. Marshals Service "Individual Custody and Detention Report" indicates that there are no detainers lodged against Petitioner.  The Pennsylvania Department of Corrections DC1 Face Sheet indicates that Petitioner's maximum release date was January 9, 2006, the date he was released to federal authorities.  The docket for the Pennsylvania criminal case does not indicate any continuing restraint following release from confinement.  See Commonwealth v. Cice, CP-23-CR-0003100-2002 (Del. Co. Pa.).  This Court will take judicial notice of the docket of the Court of Common Pleas of Delaware County in Petitioner's state criminal matter.  See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

the "custody" requirement, in <u>Maleng</u>.  Petitioner cannot utilize § 2254 to challenge his fully-expired state conviction and sentence solely because of a perceived negative effect on another sentence.  This claim must be dismissed.[3]

### III.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim

---

[3] Because of this Court's disposition of the § 2254 claim, this Court need not address other apparent deficiencies, including the failure to name a proper respondent, <u>see</u> Rule 2, Rules Governing § 2254 Cases in the United States District Courts, and the apparent failure to exhaust state court remedies, <u>see</u> 28 U.S.C. § 2254(b).

of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find this Court's procedural ruling debatable.  Accordingly, no certificate of appealability shall issue.

IV.   <u>CONCLUSION</u>

For the reasons set forth above, the § 2254 challenge to the state conviction will be dismissed without prejudice; the § 2241 claim will be transferred to the U.S. District Court for the Eastern District of Pennsylvania.  No certificate of appealability shall issue.  An appropriate order follows.


 S/Renée Marie Bumb
Renée Marie Bumb
United States District Judge


Dated: August 31, 2007